UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARASHDROANEL MARTINEZ,

      Plaintiff,

v.                            Case No. 8:26-cv-42-TPB-AAS

FEWER LEFT TURNS, LLC,

      Defendant.

_____/

## ORDER

Jason R. Wojdylo, the non-party owner of Defendant Fewer Left Turns, LLC (Fewer Left Turns), moves on an emergency basis[1] to redact his personal contact information. (Doc. 24).

The court recently granted Attorney Sniffen's motion to withdraw as counsel for Fewer Left Turns.[2] (Doc. 23). In the motion to withdraw, Attorney Sniffen included the defendant's last known address, phone number, and email address. (Doc. 21, ¶ 10). Mr. Wojdylo moves to redact his "personal email and other contact information" from the motion to withdraw due to his "employment history and privacy concerns." (Doc. 24).

---

[1] The undersigned does not find the motion to be a true emergency. Nevertheless, the motion is addressed before the plaintiff's deadline to respond has expired because the motion is filed on an emergency basis.

[2] Fewer Left Turns is reminded it must retain counsel who must file a notice of appearance by June 29, 2026. (Doc. 23).

1

The motion is **DENIED** for failure to comply with Local Rule 3.01(g). The Middle District of Florida Local Rule 3.01(g) requires a party, before filing motions in a civil action to confer 'confer with the opposing party in a good faith effort to resolve the motion.'" *Worldwide Aircraft Services, Inc. v. Anthem Ins. Companies, Inc.*, No. 8:21-CV-456-CEH-AAS, 2021 WL 9595559 at *1 (M.D. Fla. June 3, 2021) (citing Local Rule M.D. Fla. 3.01(g)).

In addition, the public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib.. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Mr. Wojdylo has not shown good cause to redact the information included in the motion to withdraw. Upon review of the Florida's publicly available Division of Corporations website the address listed in the motion to withdraw is Fewer Left Turn's principal address. There is no good cause to redact this information already available to the public. In addition, it is unclear whether the listed phone number belongs to Fewer Left Turns or Mr. Wojdylo. The

2

motion to redact only states that "[p]aragragh 10 of the Motion [to Withdraw] contains the Defendant owner's personal email and other contact information." This statement alone is not enough to demonstrate good cause to redact the listed phone number. Last, Mr. Wojdylo failed to show good cause to redact the listed email address, and no alternative email address is provided to ensure Fewer Left Turns may be contacted. *See Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007) ("In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions . . . [and] the degree of and likelihood of injury if made public. . . .").

Accordingly, the motion to redact (Doc. 24) is **DENIED** for failure to comply with Local Rule 3.01(g) and because Mr. Wojdylo failed to show good cause to redact the listed contact information.

**ORDERED** in Tampa, Florida, on June 26, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge